**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

CA 06 370L

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>vs.<br><br>Albert Gray, Adminstrator, Estate of Jude B. Henault, and the other parties listed on Exhibit A attached hereto, and Does 1 through 100,<br><br>Claimants-in-Interpleader. | CASE NO.: ______________<br><br>**COMPLAINT IN INTERPLEADER**<br><br>[Pursuant to 28 U.S.C. §1335]<br><br>[Filed concurrently with Motion to Deposit Funds into the Registry of the Court and [Proposed] Order Directing Deposit of Stake] |

**NATURE OF THE ACTION**

1. This is a civil action of interpleader under 28 U.S.C. § 1335 filed by St. Paul Fire & Marine Insurance Company ("St. Paul") against numerous persons, identified on Exhibit A attached hereto ("Claimants-in-Interpleader"), who are making or may make adverse claims under a certain general liability insurance policy for injuries and death allegedly sustained by them in connection with a fire at a commercial establishment.

**PARTIES**

2. St. Paul is, and at all relevant times was, a corporation formed and existing under the laws of the state of Minnesota, with its principal place of business in St. Paul, Minnesota.

3. The persons identified on Exhibit B, which is attached hereto and incorporated herein by this reference, are named insureds or persons otherwise potentially entitled to coverage ("the Insureds") under a certain policy of insurance, Policy Number CK04507730, issued by St. Paul, effective from August 8, 2002 to August 8, 2003 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit C and incorporated herein by this reference.

4. Upon information and belief, St. Paul alleges that Claimant-in-Interpleader Albert L. Gray, Administrator, asserts a claim on behalf of the Estate and wrongful death beneficiaries of his son, Derek J. Gray, who lived at the time of his death in Dracut, Massachusetts, and was at all times relevant herein a resident of the Commonwealth of Massachusetts.

5. Upon information and belief, St. Paul alleges that Claimant-in-Interpleader Joanne O'Neill, Administratrix, asserts a claim on behalf of the Estate and wrongful death beneficiaries of her son, Nicholas O'Neill, who lived at the time of his death in Pawtucket, Rhode Island, and who was at all times relevant herein a resident of the State of Rhode Island.

6. Upon information and belief, St. Paul alleges that the Claimants-in-Interpleader are individuals who were injured, or representatives of the estates of those who were killed, as a result of a fire at The Station, a nightclub in West Warwick, Rhode Island, on February 20, 2003, and are or were residents of various states. A list of all known Claimants-in-Interpleader is attached hereto as Exhibit A and incorporated herein by this reference.

7. Claimants-in-Interpleader Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to St. Paul. When their true names and capacities are ascertained, St. Paul will seek to amend this Complaint-in-Interpleader by inserting their true names and capacities herein.

**JURISDICTION AND VENUE**

8. Claimants-in-Interpleader are claiming or may claim to be entitled to benefits under the Policy.

9. St. Paul has, simultaneously with the filing of this Complaint-in-Interpleader, filed a motion to deposit into the Registry of the Court the sum of $1 million, which represents the face amount of the Policy and, by this filing, agrees to abide by the judgment of the Court as to the proper

disposition of the monies deposited.

10. The Court has original jurisdiction over this Complaint-in-Interpleader pursuant to 28 U.S.C. § 1335 in that diversity of citizenship exists between two or more of the Claimants-in-Interpleader, as set forth above, and the amount in controversy exceeds $500, exclusive of interest.

11. Venue is proper pursuant to 28 U.S.C. § 1397, in that at least one of the Claimants-in-Interpleader resides in this judicial district.

**CLAIM FOR RELIEF**

12. St. Paul realleges paragraphs 1 through 11, inclusive, of this Complaint-in-Interpleader.

13. Under the terms of the Policy, St. Paul agrees to pay on behalf of its insureds all sums that the insureds should become legally required to pay as damages for bodily injury as well as property damage, advertising injury and medical expenses.

14. The Policy provides for an "each event" limit of $1,000,000 and a "general total limit" of $1,000,000.

15. On or about February 20, 2003, a fire occurred at The Station, a nightclub in West Warwick, Rhode Island (the "Event"). At the time of the Event, "Great White," a band affiliated with Jack Russell Touring, Inc., and/or Jack Russell, the named insured under the Policy, was performing. It is alleged by the Claimants-in-Interpleader that, at the time of the Event, pyrotechnic devices were negligently discharged and that their discharge caused and/or contributed to the Event, resulting in death and serious bodily injury to the Claimants-in-Interpleader.

16. The Claimants-in-Interpleader have sued the Insureds, including Jack Russell and Jack Russell Touring, Inc., alleging that the Claimants-in-Interpleader, and each one of them, are entitled to compensation for the resulting deaths, personal injuries and pain and suffering. Upon information and belief, one hundred persons were killed and approximately two hundred persons were injured in the fire.

17. The nature, extent and number of claims made by the Claimants-in-Interpleader against the Insureds raise serious and legitimate questions regarding the Policy, including questions prompted by the amount of the claims in relation to the amount of available coverage, which is substantially less than the amount of the claims; whether the available coverage is required to be *pro rated* among the Claimants-in-Interpleader; the uncertainty as to the person(s) to whom the proceeds of the Policy should be paid; and the order in which said payments should be made.

18. St. Paul has been, and continues to be, willing to pay the face amount of the Policy to the Claimants-in-Interpleader in an amount and manner as legally determined. However, given the nature, extent and number of claims made by the Claimants-in-Interpleader against the Insureds, St. Paul is not able to resolve the competing claims to the face amount of the Policy without resort to the remedy of interpleader.

19. In light of the above facts, St. Paul is entitled to file an interpleader under 28 U.S.C. § 1335, to make a deposit into the Registry of the Court of the face amount of the Policy and to have the Court determine the proper disposition of that amount.

20. The relief sought herein is in the interest of the Insureds and the Claimants-in-Interpleader and will serve the interest of judicial economy.

WHEREFORE, St. Paul respectfully prays as follows:

1. For the $1,000,000 face amount of the Policy to be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the Court in accordance with the concurrently filed "Motion to Deposit Funds into the Registry of the Court" and "[Proposed] Order Directing Deposit of Stake";

2. For this Court to determine the proper distribution of the face amount of the Policy amount among the Claimants-in-Interpleader, and subsequently authorize the clerk to disburse the proceeds as directed by the Court among the Claimants-in-Interpleader;

3. That upon payment of the face amount of the Policy into the Registry of the Court, St. Paul be discharged from all liability with respect to any indemnification payments required to be made under the Policy.

4. That upon distribution of the amount due under the Policy to any or all of the Claimants-in-Interpleader, the Insureds be fully and finally discharged and released from any and all further liability to the Claimants-in-Interpleader and from claims for contribution by other purported joint tortfeasors who have been sued by the Claimaints-in-Interpleader with regard to the Event, in accordance with 2006 R.I. Pub. Laws Ch. 213, 2006-H 7109 Substitute B as Amended, enacted July 3, 2006.

5. For such other relief as the Court deems reasonable and just under the circumstances.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

By its attorneys,

Mark L. Smith / TM

Mark L. Smith, Esquire (#676)
Law Offices of Mark L. Smith
127 Dorrance Street
Providence, RI 02903
(401) 272-1432

Counsel:

Thomas F. Maffei, Esq. (BBO 313220)
Sara Jane Shanahan, Esq. (BBO 567837)
Griesinger Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110
Telephone (617) 542-9900
Facsimile (617) 542-0900

August 16, 2006