**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

CA 06 370 L

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>vs.<br><br>Albert Gray, Adminstrator, Estate of Jude B. Henault, and the other parties listed on Exhibit A attached to the Complaint, and Does 1 through 100,<br><br>Claimants-in-Interpleader. | CASE NO.: ____________ |

**MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT AND [PROPOSED] ORDER DIRECTING DEPOSIT OF STAKE**

This is an action for interpleader brought by St. Paul Fire & Marine Insurance Company ("St. Paul"). Counsel for all of the Claimants-in-Interpleader are being served with the summons, the complaint, and this motion simultaneously with the filing of this action and motion. Accordingly, St. Paul moves that this Court, pursuant to 28 U.S.C. § 1335, permit St. Paul to deposit the face amount of a liability policy with the Registry of the Court, pending resolution of this litigation and/or the underlying litigation related to the fire that occurred at The Station nightclub on February 20, 2003.

The grounds for this motion are set forth in the accompanying Memorandum of Law.

WHEREFORE, St. Paul respectfully requests that the Court permit it to deposit $1,000,000.00 in an interest-bearing account for the Registry of the Court, as set forth in the attached [Proposed] Order Directing Deposit of Stake.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

By its attorneys,

Mark L. Smith / TFM

Mark L. Smith, Esquire
Law Offices of Mark L. Smith
127 Dorrance Street
Providence, RI 02903
(401) 272-1432

Counsel:

Thomas F. Maffei, Esq. (BBO 313220)
Sara Jane Shanahan, Esq. (BBO 567837)
Griesinger Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110
Telephone (617) 542-9900
Facsimile (617) 542-0900

August 16, 2006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

CA 06 370 L

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

Plaintiff-in-Interpleader,

vs.

Albert Gray, Adminstrator, Estate of Jude B. Henault, and the other parties listed on Exhibit A attached to the Complaint, and Does 1 through 100,

Claimants-in-Interpleader.

CASE NO.: ______________

**MEMORANDUM IN SUPPORT OF MOTION**
**TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT**

Plaintiff-in-Interpleader St. Paul Fire & Marine Insurance Company ("St. Paul") hereby submits this memorandum in support of its motion to deposit funds into the Registry of the Court.

**NATURE AND STATUS OF PROCEEDING**

This is a civil action for interpleader under 28 U.S.C. § 1335 filed by St. Paul against numerous persons identified on Exhibit A to the Complaint ("Claimants-in-Interpleader") who are making or may make adverse claims for injuries and death under Policy Number CK04507730, issued by St. Paul, effective from August 8, 2002 to August 8, 2003 (the "Policy"). The persons identified on Exhibit B to the Complaint are named insureds or persons otherwise potentially entitled to coverage ("the Insureds") under the Policy.

Under the terms of the Policy, St. Paul agrees to pay on behalf of its insureds all

sums that the insureds should become legally required to pay as damages for bodily injury as well as property damage, advertising injury, and medical expenses. The Policy provides for an "each event" limit of $1,000,000 and a "general total limit" of $1,000,000.

On or about February 20, 2003, a fire occurred at The Station, a nightclub in West Warwick, Rhode Island (the "Event"). At the time of the Event, "Great White," a band affiliated with Jack Russell Touring, Inc., and/or Jack Russell, the named insured under the Policy, was performing. It is alleged by the Claimants-in-Interpleader that, at the time of the Event, pyrotechnic devices were negligently discharged and that their discharge caused and/or contributed to the Event, resulting in death and serious bodily injury to the Claimants-in-Interpleader. The Claimants-in-Interpleader have sued the Insureds, alleging that the Claimants-in-Interpleader, and each one of them, are entitled to compensation for the resulting deaths, personal injuries, and pain and suffering. Upon information and belief, one hundred persons were killed and approximately two hundred persons were injured in the fire.

The nature, extent and number of claims made by the Claimants-in-Interpleader against the Insureds raise serious and legitimate questions regarding the Policy, including questions prompted by the amount of the claims in relation to the amount of available coverage, which is substantially less than the amount of the claims; whether the available coverage is required to be *pro rated* among the Claimants-in-Interpleader; the uncertainty as to the person(s) to whom the proceeds of the Policy should be paid; and the order in which said payments should be made.

St. Paul has been, and continues to be, willing to pay the face amount of the

Policy to the Claimants-in-Interpleader in an amount and manner as legally determined. However, given the nature, extent and number of claims made by the Claimants-in-Interpleader against the Insureds, St. Paul is not able to resolve the competing claims to the face amount of the Policy without resort to the remedy of interpleader.

**ARGUMENT**

In light of the above facts, St. Paul has filed an interpleader action under 28 U.S.C. § 1335 and hereby seeks to make a deposit into the Registry of the Court of the face amount of the Policy and to have the court determine the proper disposition of that amount.

28 U.S.C. § 2361 authorizes a district court to discharge the stakeholder in any civil interpleader action from further liability to the claimants. Before discharging a stakeholder under 28 U.S.C. § 2361, the Court must first determine whether the requirements of 28 U.S.C. § 1335 have been met. Sun Life Assurance Co. of Canada, (U.S.) v. Conroy, 431 F. Supp. 2d 220, 224-25 (D.R.I. 2006) (citing New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983)). There must be a fund greater than $500, adverse claimants of diverse citizenship, a disinterested stakeholder, and a deposit of funds into Court. Id.; Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992).

The face amount of the Policy is $1,000,000. The Claimants-in-Interpleader are residents of numerous states, including Rhode Island, Massachusetts, and Connecticut. The statute only requires diversity of two or more claimants. See State Farm Fire and Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). St. Paul acknowledges that the claims asserted by the Claimants-in-Interpleader against the Insureds, if proven, exceed the face

amount of the Policy. Therefore, St. Paul requests that it now be permitted to deposit the face amount of the Policy with the Registry of the Court. Thereafter, St. Paul will seek to be discharged from all liability with respect to any indemnification payments required to be made under the Policy.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

By its attorneys,

Mark L. Smith / TAR

Mark L. Smith, Esquire (#676)
Law Offices of Mark L. Smith
127 Dorrance Street
Providence, RI 02903
(401) 272-1432

Counsel:

Thomas F. Maffei, Esq. (BBO 313220)
Sara Jane Shanahan, Esq. (BBO 567837)
Griesinger Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110
Telephone (617) 542-9900
Facsimile (617) 542-0900

August 16, 2006