**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| St. Paul Fire & Marine Insurance Co.,<br>Plaintiff-in-Interpleader,<br><br>v.<br><br>Albert Gray, Administrator,<br>Estate of Jude B. Henault,<br>and the other parties listed on Exhibit A,<br>Does 1 through 100,<br>Claimants-in-Interpleader. | : | Case No.: 06-370-L |

**CLAIMANTS-IN-INTERPLEADER'S[1] MEMORANDUM IN RESPONSE TO PLAINTIFF-IN-INTERPLEADER'S COMPLAINT AND IN SUPPORT OF THEIR COUNTERCLAIM AGAINST PLAINTIFF-IN-INTERPLEADER**

## I. INTRODUCTION

Plaintiff-in-Interpleader St. Paul Fire & Marine Insurance Company ("St. Paul") filed a Complaint in Interpleader and a Motion to Deposit Funds into the Registry of the Court. This Court granted St. Paul's Motion to deposit funds. An order was entered permitting St. Paul to deliver a check for $1,000,000, the face amount of St. Paul's insurance policy, to the Clerk of the Court.

St. Paul seeks discharge from any and all liability, for itself and its "Insureds." (Also referred to herein as "defendants"). In its Complaint, St. Paul identifies "the Insureds," as (1) the named insureds, Jack Russell Touring, Inc. and/or Jack Russell, individually and (2) seven additional "potentially insured" persons.[2]

[1] All Grey and Napolitano Plaintiffs, by their attorneys as their signatures are set forth below.
[2] Claimants' Exhibit 4 which is St. Paul's Exhibit B: Jack Russell Touring, Inc., Daniel Biechele, David Felice, Mark Kendall, Knight Records, Inc., Manic Music Management, Inc., Eric Powers, Jack Russell, and Paul Woolnough.

St. Paul's petition to release its Insureds is contrary to law. The claims against these alleged tortfeasors far exceed the policy maximum. These Insureds may now or in the future have assets in excess of the $1,000,000 insurance policy. Furthermore, the relief St. Paul seeks lies squarely outside the scope of an action in interpleader.

St. Paul's petition to release itself from liability beyond $1,000,000 is also contrary to law because, by its own insurance policy, St. Paul is liable for prejudgment interest.

Claimants-in-Interpleader ("Claimants") respectfully request that this Court deny St. Paul's request for release of its liability and the liability of its named Insureds and other entities and individuals. Additionally, Claimants pray that this Court render a judgment declaring that St. Paul will be required to deposit into the Registry of the Court an amount equal to its liability to Claimants. This amount necessarily includes prejudgment interest that will have accrued from the date of injury, February 20, 2003.

## II. PLAINTIFF-IN-INTERPLEADER'S REQUEST FOR RELEASE FROM LIABILITY OF ALL INSURED AND POTENTIALLY INSURED DEFENDANTS EXCEEDS THE SCOPE OF STATUTORY INTERPLEADER.

### A. The narrow purpose of statutory interpleader is the management and distribution of a monetary fund.

St. Paul's Prayer for Relief, requesting discharge and release from any and all further liability to the Claimants for its Insureds, should be denied because as a matter of law, such relief is beyond the scope of an interpleader proceeding. Comp. Prayer for Relief ¶ 4; 28 U.S.C. § 1335; State Farm v. Tashire, 386 U.S. 523, 533 (1967); Metro. Prop. and Cas. Ins. Co. v. Shan Trac, Inc., 324 F.3d 20, 24-25 (1st Cir. 2003). An action in interpleader is strictly limited to the systematic management and distribution of a monetary fund and it does not entitle a Plaintiff-in-Interpleader to an order extinguishing properly filed claims against its insureds, the alleged tortfeasors. Tashire, 386 U.S. at 533-34.

Both Tashire and the case at bar involve complex, multi-jurisdictional, multi-party litigation that arose from a mass tort event in which numerous victims were injured or killed. Tashire resulted from a collision between a Greyhound bus and a pickup truck which caused two deaths, and in which at least thirty-six individuals were injured. Id. at 525. One of the deceased and ten of the passengers were from Canada and the remaining victims were from five U.S. states. Id. The Tashire plaintiffs filed suit against multiple defendants, including Greyhound Lines, Inc., the bus driver, the truck driver, and the owner of the truck. Id. State Farm, the insurer of the truck driver, brought an action in interpleader and sought to deposit the policy maximum of $20,000 into the Registry of the Court. Id. at 526. It further requested that the court "require all claimants to establish their claims against [its insured] and [State Farm] in this single proceeding and in no other." Id. The Court rejected this request and held that to extend such protection to State Farm's insured and other alleged tortfeasors, would exceed the Court's authority granted by the statutory scheme governing interpleader. Id. at 533-34.

The Station litigation is arguably even more complex than Tashire, with more victims and more defendants. St. Paul has deposited up to its policy limits into the Registry of the Court and now requests that "the Insureds be fully and finally discharged from any and all further liability to the Claimants-in-Interpleader." Comp. Prayer for Relief ¶ 4. St. Paul's prayer is effectively identical to State Farm's rejected request—in both situations, the insurance fund provides but a small fraction of the damages sought by the injured plaintiffs and the insurers sought the release of insured defendants, from any and all claims, in an interpleader action. Similar to Tashire, the scope of this litigation is much farther reaching than the confines of St. Paul's fund. See id. at 533-34. The Claimants' case against St. Paul's Insureds is not and cannot be limited to St. Paul's policy limit liability. An insurance action in interpleader is not a procedure by which claims

beyond an insurance policy can be extinguished and therefore this Court may properly deny St. Paul's Prayer for Relief. See Tashire, 386 U.S. at 535-37.

**B. St. Paul's insurance coverage does not define the outer limits of the alleged tortfeasors' liability.**

Claims against the nine individual and corporate defendants listed in St. Paul's Exhibit B (Insureds—which is Claimants' Exhibit 4) vastly exceed St. Paul's insurance policy limits. These defendants may have assets beyond the $1,000,000 limit of the St. Paul policy. Even if the Insureds do not have assets beyond St. Paul's policy limit now, they may in the future, and Claimants have up to twenty years to sue on any judgment rendered against the Insureds. See R.I.G.L. § 9-1-17. Furthermore, even if its Insureds do not ever have assets beyond St. Paul's policy limits, the relief St. Paul seeks is contrary to law.

It would be fundamentally unfair and against public policy to shield these other assets from liability simply because the alleged tortfeasors are potentially, fortuitously, and perhaps purposefully covered by an amount of insurance which turns out to be insufficient to cover claims against them in this case. St Paul's limited policy cannot and should not provide a complete liability shield as to all claims. The relief St. Paul seeks is inappropriate.

To release St. Paul's Insureds would be as unfair here, as it would be if the operator of an automobile, covered by a $50,000 insurance policy with St. Paul, negligently caused an accident in which three people were paralyzed and two persons were killed. In that situation, St. Paul's tender of the $50,000 policy limits should not and would not extinguish the liability of the driver. Likewise, in this case, St. Paul's tender of the $1,000,000 policy limit cannot fairly extinguish its Insureds' entire liability in The Station fire.

## III. ST. PAUL SHOULD NOT BE RELEASED FROM LIABILITY BECAUSE IT REMAINS LIABLE TO CLAIMANTS FOR PREJUDGMENT INTEREST.

By its own policy provisions, St. Paul is obligated to make certain additional payments, including prejudgment interest, on any and all judgments awarded against any of its Insured. On page five of St. Paul's Insuring Agreement, one of the bolded main headings is "**Additional Payments**." Under this heading are sub-headings including prejudgment interest and postjudgment interest. Specifically, the policy states that

> [t]hese payments are in addition to the limits of coverage. (Emphasis added).

Insuring Agreement p. 5. (Claimants' Exhibit 5).

Federal courts apply substantive state law in statutory interpleader actions and therefore, Rhode Island insurance contract law applies in this case. See e.g., Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320-21 (8th Cir. 1991) (considering statutory interpleader as a type of diversity jurisdiction and applying the forum state's choice of law); Davis v. Aetna Life Ins. Co., 279 F.2d 304, 307 (9th Cir. 1960) (using the forum state's law in a statutory interpleader case).

The Rhode Island Supreme Court has clearly articulated its approach to analysis of insurance contract language, stating that "[w]hen we interpret an insurance contract, we view the policy in its entirety, affording its terms their plain, ordinary and usual meaning. We do not consider the insurer's intended meaning of the contract, but rather what an ordinary reader of the policy would have understood the policy's terms to mean if he or she had read them." Casco Indem. Co. v. Gonsalves, 839 A.2d 546, 548 (R.I. 2006) (quoting American Commerce Ins. Co. v. Porto, 811 A.2d 1185, 1192 (R.I. 2002);

Amica Mut. Ins. Co. v. Steicker, 583 A.2d 550, 552 (R.I. 1990)) (internal quotation marks omitted). The St. Paul Insuring Agreement expressly and unambiguously provides:

> ***Prejudgment interest.*** We'll pay the interest that accumulates before a judgment and is awarded against the protected person on that part of the judgment we pay.

Insuring Agreement p. 5 (Claimants' Exhibit 5).

Clearly, St. Paul remains obligated under its contract, for interest on any judgment which may be rendered against its Insureds.[3] Thus, because St. Paul's obligations are continuing, its release from this case would be premature and impermissible.

**A. St. Paul's deposit into the court registry is not an offer of voluntary settlement which would toll the running of prejudgment interest, under its policy terms.**

St. Paul's policy further states:

> [b]ut if we make a settlement offer to pay the available limit of coverage, we won't pay the prejudgment interest that accumulates after the date of our offer.

Insuring Agreement p. 5 (Claimants' Exhibit 5). This limiting provision is inapplicable here because there is simply no evidence that St. Paul ever made an offer of settlement to Claimants. It has not.

The Restatement (Second) of Contracts defines an "offer" as a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." § 24 (1977). In Blackhawk Molding Co., Inc. v. Portola Packaging, Inc., the court noted that the best short description of the term was that

[3] Claimants' Exhibit 4 which is St. Paul's Exhibit B: Jack Russell Touring, Inc., Daniel Biechele, David Felice, Mark Kendall, Knight Records, Inc., Manic Music Management, Inc., Eric Powers, Jack Russell, and Paul Woolnough.

"an offer creates the power of acceptance in the offeree." 422 F. Supp. 2d 948, 961 (N.D. Ill. 2006) (citing Arthur Linton Corbin, Corbin on Contracts § 1.11 (1964)).[4]

Here, St. Paul's deposit into the Registry of the Court is not any attempt to bargain with Claimants, and is not an offer seeking Claimants' assent. Rather, St. Paul is attempting to force its policy limits involuntarily upon the Claimants. St. Paul's petition neither invites Claimants' acceptance nor would such acceptance conclude a bargain or agreement between Claimants and St. Paul.

St. Paul filed its Complaint in Interpleader and moved to deposit its policy limits into the Registry of the Court absent any prior communication with the Claimants. Likewise, Claimants never proposed a settlement to St. Paul. St. Paul never referred to its deposit into the Registry of the Court as a settlement offer, in either its Complaint in Interpleader or its Motion to Deposit Funds into the Registry of the Court.

St. Paul has also not provided any case law which holds that a deposit into the court registry constitutes a settlement offer, in and of itself.[5]

**B. <u>Even if payment into the Registry of the Court is a settlement offer, St. Paul nonetheless owes prejudgment interest from the date of injury, according to its own policy terms.</u>**

Even if this Court considers St. Paul's payment into the Registry of the Court as a settlement offer or agreement, which Claimants argue that it is not, St. Paul's own prejudgment interest provision nonetheless obligates it to pay the prejudgment interest that accumulated from the date of the injury, February 20, 2003 to the date of its purported settlement offer. Again, the pertinent insurance agreement provision states:

[4] See Richard v. Richard, 900 A.2d 1170, 1176 (R.I.2006) (using the Restatement (Second) of Contracts and Corbin on Contracts).
[5] Claimants-in-Interpleader researched and found no case law to support the proposition that a deposit into the court registry constitutes a settlement offer, in and of itself.

> [b]ut if we make a settlement offer to pay the available limit of coverage, we won't pay the prejudgment interest that accumulates *after* the date of our offer.

Insuring Agreement p. 5; (italics added) (Claimants' Exhibit 5). The plain language of the contract can only mean that in the event that St. Paul makes a settlement offer to pay the policy limits, prejudgment interest is tolled at the date of the settlement offer. For prejudgment interest to be tolled, it must have been running in the first place. Thus, the prejudgment interest on $1,000,000 that would be tolled by the purported settlement offer, ran at least from the date of injury (February 20, 2003) to the date of the settlement offer. Hence, even considering St. Paul's Complaint and Motion to this Court as a settlement offer to the Claimants, the minimum amount of prejudgment interest due to the Claimants runs from the date of The Station fire to the date of deposit into the court registry.

**C. <u>The amount deposited into the Registry of the Court should be supplemented to account for prejudgment interest.</u>**

St. Paul's deposit into the Registry of the Court should be greater than the $1,000,000 policy limits, because St. Paul, by its own terms, is also contractually liable for prejudgment interest. Claimants-in-Interpleader pray that this Court enter a judgment declaring that St. Paul owes prejudgment interest as will be determined when and if a verdict and/or judgment is entered against its Insureds and/or until such time, if ever, that a judgment is entered on behalf of its Insureds and/or until a settlement involving its Insureds is reached.

## IV. <u>ST. PAUL'S LIST OF CLAIMANTS-IN-INTERPLEADER IS INCOMPLETE.</u>

Claimants-in-Interpleader request that St. Paul amends its Claimants-in-Interpleader list, because some Station Fire plaintiffs, who properly have claims against St. Paul's Insureds, are not listed by St. Paul as Claimants. St. Paul's list of Claimants is their Exhibit A and Claimants Exhibit 3. These omitted Claimants are listed in Claimants' Exhibit 1. All persons in Claimants'

Exhibit 1 are plaintiffs in the Albert L. Gray v. Jeffrey Derdarian Third Amended Master Complaint (see Claimants' Exhibit 2).

Plaintiffs 13(d); 13(e); 17-63, inclusive;
133-190, inclusive; 225-233, inclusive;
240 and 251 through 257, inclusive;
and Napolitano Plaintiffs;
By their Attorney:

/s/ Mark S. Mandell
Mark S. Mandell, #0502
Mandell, Schwartz & Boisclair, Ltd.
One Park Row
Providence, RI 02903
Telephone: (401) 273-8330
Facsimile: (401) 751-7830
Email: msmandell@msn.com

Plaintiffs 13(d); 13(e); 17-63, inclusive
133-190, inclusive; 225-233, inclusive; and
240 and 251 through 257, inclusive;
and Napolitano Plaintiffs;
By their Attorney:

/s/ Max Wistow
/s/ John Barylick
Max Wistow, #0330
John P. Barylick, Esq. (#1907)
Wistow & Barylick, Inc
61 Weybosset Street
Providence, RI 02903-2824
Telephone: (401) 831-2700
Facsimile: (401) 272-9752
Email: mw@wistbar.com
Email: jpb@wistbar.com

Plaintiffs 1-11, inclusive; 12(b); 13(a)(b)(c);
14-16, inclusive, 80–132, inclusive;
222, 223 and 242 through 248, inclusive;
By their Attorney:

/s/ Patrick T. Jones
Patrick T. Jones, #6636
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
Telephone: (617) 737-3100
Facsimile: (617) 751-7830
Email: pjones@cmj-law.com

Plaintiffs 64; 65(a); 66-68, inclusive;
192-195, inclusive; and 241;
Michelle Spence;
By their Attorney:

/s/ Stephen E. Breggia
Stephen E. Breggia, #2865
Breggia Bowen & Grande
395 Smith Street
Providence, RI 02908-3734
Telephone: (401) 831-1900
Facsimile: (401) 831-0129
Email: sbreggia@bbglaw.us

Plaintiffs 69; 70; 196; 249 and 250;
By their Attorney:

/s/ Eva-Marie Mancuso
Eva-Marie Mancuso, #3564
Hamel, Waxler, Allen & Collins
387 Atwells Avenue
Providence, RI 02909
Telephone: (401) 455-3800
Facsimile: (401) 455-3806
Email: emancuso@hwac.com

Plaintiffs 12(a); 76-79, inclusive;
215-221, inclusive; 238, 258, 259,
263 and 264;
By their Attorney:

/s/ Steven A. Minicucci
Steven A. Minicucci, #4155
Calvino Law Associates
373 Elmwood Avenue
Providence, RI 02907
Telephone: (401) 785-9400
Telephone: (401) 941-1550
Email: sminicucci@calvinolaw.com

Plaintiffs 65(b); 71-75, inclusive;
197-214, inclusive, 224; 234-237;
inclusive; and 260-262, inclusive;
265 and 266;
By their Attorney:

/s/ Michael A. St. Pierre
Michael A. St. Pierre, #2553
Revens, Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886
Telephone: (401) 822-2900
Facsimile: (401) 826-3245
Email: mikesp@rrsplaw.com

Plaintiffs 191 and 239;
By their Attorney:

/s/ Charles N. Redihan, Jr.
Charles N. Redihan, Jr., #1810
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903
Telephone: (401) 831-2900
Facsimile: (401) 331-7123
Email: credihan@kprlaw.com

CERTIFICATION

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record and a copy was electronically mailed to *pro se* defendants on the 8th day of November 2006.

Thomas C. Angelone, Esq.
HODOSH, SPINELLA & ANGELONE,
Angelonelaw@aol.com

C. Russell Bengtson, Esq.
CARROLL, KELLY & MURPHY
RBengtson@ckmlaw.com

James A. Bigos, Esq.
jim@b-plaw.com
Russell Bramley, Esq.
bramley@hbhlaw.net

Joseph B. Burns, Esq.
ROME MC GUIGAN SABANOSH P.C.
jburns@rms-law.com

Mark D. Cahill, Esq.
Eric Bradford Hermanson, Esq.
CHOATE, HALL & STEWART
mcahill@choate.com
ehermanson@choate.com

Lawrence J. Cappuccio, Esq.
CAPPUCCIO & CAPPUCCIO
l.cappuccio@worldnet.att.net

Joseph Cavanagh Jr., Esq.
Kristen E. Rodgers, Esq.
BLISH & CAVANAGH
stationfire@blishcavlaw.com

Lawrence G. Cetrulo, Esq.
Stephen T. Armato, Esq.
Jennifer Creedon, Esq.
Kristen Blackburn, Esq.
CETRULO & CAPONE, LLC
lcetrulo@cetcap.com
sarmato@cetcap.com
jcreedon@cetcap.com
kblackburn@cetcap.com

John J. Cloherty, III, Esq.
PIERCE, DAVIS & PERRITANO, LLP
jcloherty@piercedavis.com

Edward M. Crane, Esq.
Deborah Solmor, Esq
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM
ecrane@skadden.com
dsolmor@skadden.com

Brian R. Cunha, Esq.
Karen A. Alegria, Esq.
LAW OFFICES OF BRIAN CUNHA
& ASSOCIATES
Brian@Briancunha.com

Anthony F. DeMarco, Esq.
Mark Reynolds, Esq.
REYNOLDS, DEMARCO & BOLAND, LTD
tdemarco@conversent.net

Gerald C. DeMaria, Esq.
James A. Ruggieri, Esq.
HIGGINS, CAVANAGH & COONEY
jruggieri@hcc-law.com
sodonoghue@hcc-law.com

Marc DeSisto, Esq
DE SISTO LAW
stationfire@desistolaw.com

Stefanie DiMaio-Larivee, Esq.
GRILLI & DIMAIO
fonia@msn.com

Mark P. Dolan, Esq.
RICE, DOLAN & KERSHAW
ricedolank@aol.com

Christopher C. Fallon, Esq.
Josh M. Greenbaum
COZEN O'CONNOR
cfallon@cozen.com
jgreenbaum@cozen.com

Stephen P. Fogerty, Esq.
HALLORAN & SAGE LLP
fogerty@halloran-sage.com

Bennett R. Gallo, Esq.
NOLAN, DAILEY, GALLO
ROTHMICH & BRUNERO, LTD.
brg@ndgrb.com

Mark Hadden, Esq.
MHadden@mhaddenlaw.com

Timothy B. Hardwicke, Esq.
Suzanne Kadus, Esq.
Meghan H. Sullivan, Esq.
timothy.hardwicke@lw.com suzanne.kadus@lw.com
meghan.sullivan@lw.com

William M. Heffernan, Esq.
HEFFERNAN LAW OFFICES, PC
heffernanlaw@aol.com

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
chenlein@fbtlaw.com
jcrockett@fbtlaw.com
swettle@fbtlaw.com

Edward T. Hinchey, Esq.
Robert T. Norton, Esq.
SLOANE & WALSH, LLP
ehinchey@sloanewalsh.com
rnorton@sloanewalsh.com

John G. Hines, Esq.
HINES & PATZ, INC.
Hines-Patz@conversent.net

Daniel J. Horgan, Esq.
THE HORGAN LAW OFFICES
horganlaw@snet.net

Stephen A. Izzi, Esq.
sizzi@mosesafonso.com

Craig A. Johns, Esq.
LAW OFFICES OF JOHN T. MADDEN
johnsc@Nationwide.com

Patrick T. Jones, Esq.
Peter Schneider, Esq.
COOLEY MANION JONES, LLP
pjones@cmj-law.com
PSchneider@cmj-law.com

Howard Julian
sohohomes@yahoo.com

Bruce P. Keller, Esq.
Michael Potenza, Esq.
DEBEVOISE & PLIMPTON
Bkeller@debevoise.com
mpotenza@debevoise.com

Fred A. Kelly, Jr., Esq.
Steven M. Richard, Esq.
Kim M. Clarke, Esq.
NIXON PEABODY, LLP
StationFireLitigation@nixonpeabody.com
kclarke@nixonpeabody.com

Joseph Krowski, Esq.
josephkrowski.law@verizon.net

David D. Langfitt, Esq.
MONTGOMERY, MCCRACKEN, WALKER
& RHOADS LLP
dlangfitt@mmwr.com

Ronald Langlois, Esq.
Lauren D. Wilkins, Esq.
SMITH & BRINK
rlanglois@smithbrink.com
lwilkins@smithbrink.com

James R. Lee, Esq.
DEPT. OF THE ATTORNEY GENERAL
jlee@riag.state.ri.us

Thomas W. Lyons, Esq.
STRAUSS, FACTOR, LAING & LYONS
tlyons@straussfactor.com

Richard W. MacAdams, Esq.
MAC ADAMS & WIECK INC.
Rmacadams@mandwlaw.com

David E. Maglio, Esq.
DAVID E. MAGLIO & ASSOCIATES, P.C.
dmaglio@magliolaw.com

John R. Mahoney, Esq.
ASQUITH & MAHONEY LLP
johnmahoney@amlawllp.com
Eva Marie Mancuso, Esq.
HAMEL, WAXLER, ALLEN & COLLINS
emancuso@hwac.com

Mark S. Mandell, Esq.
MANDELL, SCHWARTZ & BOISCLAIR
msmandell@msn.com

Michael J. McCormack, Esq.
David T. Mitrou, Esq.
Joseph H. Aronson, Esq.
THE MC CORMACK FIRM
mmccormack@mccormackfirm.com
dmitrou@mccormackfirm.com
jaronson@mccormackfirm.com

W. Thomas McGough Jr., Esq.
James J. Restivo, Jr., Esq.
REED SMITH LLP
tmcgough@reedsmith.com
jrestivo@reedsmith.com

Edwin F. McPherson, Esq.
MC PHERSON & KALMANSOHN LLP
emcpherson@m-klaw.com

Matthew E. Medeiros, Esq.
LITTLE, BULMAN, MEDEIROS & WHITNEY
mfm@lmkbw.com

Howard Merten, Esq.
Hmerten.station@psh.com

Steven A. Minicucci, Esq.
William A. Filippo, Esq.
CALVINO LAW ASSOCIATES
sminicucci@calvinolaw.com
wfilippo@calvinolaw.com

Ralph J. Monaco, Esq.
CONWAY & LONDREGAN
Rmonaco.c-l@snet.net

James T. Murphy, Esq.
Kelly N. Michels, Esq.
HANSON CURRAN, LLP
stationfire@hansoncurran.com

John J. Nazzaro, Esq.
JOHN NAZZARO LAW OFFICES
attynazzaro@aol.com

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
MORRISON, MAHONEY & MILLER
mnugent@morrisonmahoney.com
pvsullivan@morrisonmahoney.com

William E. O'Gara, Esq.
PANNONE LOPES & DEVEREAUX LLC
wogara@pld-law.com

J. Renn Olenn, Esq.
OLENN & PENZA
KBH@olenn-penza.com

Mark E. Parsky, Esq.
McVEY & PARSKY, LLP
mep@mcveyparsky-law.com

Stephen M. Prignano, Esq.
Stephen MacGillivray, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
sprignano@eapdlaw.com
smacgillivray@eapdlaw.com

Robert I Reardon, Jr., Esq.
THE REARDON LAW FIRM, P.C.
Reardonlaw@aol.com

Charles N. Redihan Jr., Esq.
KIERNAN, PLUNKETT & REDIHAN
credihan@kprlaw.com

James H. Reilly III, Esq.
Donald J. Maroney, Esq.
KELLEY, KELLEHER, REILLY & SIMPSON
jreilly@kkrs.com
dmaroney@kkrs.com

Ronald J. Resmini, Esq.
Ronald J. Creamer, Esq.
LAW OFFICES OF RONALD J. RESMINI
Resminilaw@yahoo.com

Peter L. Resnik, Esq.
Steven W. Kasten, Esq.
McDermott Will & Emery
presnik@mwe.com
skasten@mwe.com

Dennis J. Roberts II, Esq.
Law Offices of Dennis J. Roberts II
kgoyer@djrlaw.com

Michael G. Sarli, Esq.
Michael R. DeLuca, Esq.
Gidley, Sarli & Marusak, LLP
mgs@gsm-law.com
mrd@gsm-law.com

Ann M. Songer, Esq.
George E. Wolf, III, Esq.
SHOOK, HARDY & BACON, LLP
stationfire@shb.com

Michael A. St. Pierre, Esq.
REVENS, REVENS & ST. PIERRE P.C.
mikesp@rrsplaw.com

Georgia Sullivan, Esq.
LAW OFFICES OF DAVID J. MATHIS
Georgia.Sullivan@thehartford.com

Rajaram Suryanarayan, Esq.
Eric B. DiMario, Esq.
GUNNING & LAFAZIA, INC.
rsury@gunninglafazia.com

Henry M. Swan, Esq.
DAVIS, KILMARX, SWAN & BOWLING
hms@dksblaw.com

Mark R. Ter Molen, Esq.
MAYER, BROWN, ROWE & MAW LLP
mtermolen@mayerbrownrowe.com

Mark D. Tourgee, Esq.
Timothy A. Williamson, Esq.
INMAN TOURGEE & WILLIAMSON
aminchillo@itwlaw.com

Andrew Trevelise, Esq.
REED SMITH LLP
atrevelise@reedsmith.com

Bruce G. Tucker, Esq.
btucker@legalmgt.com

Scott J. Tucker, Esq.
TUCKER, HEIFETZ & SALTZMAN, LLP
Stucker@ths-law.com

T. Dos Urbanski, Esq.
Michael J. Mazurczak, Esq.
MELICK, PORTER & SHEA, LLP
durbanski@melicklaw.com
mmazurczak@melicklaw.com

Earl H. Walker, Esq.
Charles Babcock, Esq.
Nancy W. Hamilton, Esq.
JACKSON WALKER LLP
CBabcock@jw.com

Max Wistow, Esq.
John P. Barylick, Esq.
WISTOW & BARYLICK
jdean@wistbar.com
jpb@wistbar.com

David A. Wollin, Esq.
William F. Burke, Esq.
ADLER, POLLOCK & SHEEHAN
dwollin@apslaw.com
wburke@apslaw.com

Esquire Deposition Services, LLC.
stationfire@esquirecom.com.

John J. Flanagan, Esquire
flanagan@torti.com

S. Michael Levin, Esquire
WINOGRAD SHINE & ZACKS P.C.
mlevin@wszlaw.com

Daniel P. McKiernan, Esquire
McKIERNAN, THOMPSON & MILLEA
dmckiernan@mtmlaw.us

/s/ Mark S. Mandell____________________________