**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br>Plaintiff-in-Interpleader,<br><br>vs.<br><br>Albert Gray, Administrator, Estate of Jude B. Henault, and the other parties listed on Exhibit A attached hereto, and Does 1 through 100,<br><br>Claimants-in-Interpleader. | CASE NO.: 06-370-L |

**ANSWER OF ST. PAUL FIRE & MARINE INSURANCE COMPANY TO COUNTERCLAIM AND PRAYER FOR RELIEF**

Plaintiff-in-Interpleader St. Paul Fire & Marine Insurance Company ("St. Paul") hereby answers the Counterclaim and Prayer for Relief of the Claimants-in-Interpleader (the "Counterclaim"), which was filed on November 8, 2006.

1. St. Paul repeats and incorporates the allegations in Paragraphs 1 through 20 of its Complaint-in-Interpleader, as if set forth fully herein.

2. St. Paul states that the Policy speaks for itself and otherwise denies the allegations set forth in paragraph 2 of the Counterclaim. Further answering, St. Paul admits that a provision in the Policy entitled "Prejudgment interest" states that St. Paul will pay "the interest that accumulates before a judgment and is awarded against the protected person on that part of a judgment [St. Paul] pay[s]." Pursuant to the terms of the Policy, therefore, St. Paul's obligation to pay prejudgment interest is contingent on conditions that have not come to pass and may never come to pass. Further, the amount

of prejudgment interest, if any, that may be due is subject to a legal determination fixing the time during which the prejudgment interest accrues, and a factual determination regarding the amount of any judgment that St. Paul pays. Accordingly, whether prejudgment interest will be due and the amount of said interest cannot be known as of the date hereof.

3. St. Paul states that no answer is required to the allegations set forth in paragraph 3 of the Counterclaim to the extent that those allegations purport to state a conclusion of law and otherwise St. Paul denies the allegations set forth in paragraph 3.

4. St. Paul states that no answer is required to the allegations set forth in paragraph 4 of the Counterclaim to the extent that those allegations purport to state a conclusion of law and otherwise St. Paul denies the allegations set forth in paragraph 4. Further answering, St. Paul denies that it is obligated to pay prejudgment interest on settlements and denies that it is obligated to pay prejudgment interest on judgments entered after the face amount of the Policy has been paid to settle other claims.

5. St. Paul states that Ray F. Beauchaine, Jr. and Ray F. Beauchaine, Jr. as father and next friend of Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of Ray Beauchaine, Jr. (#159) is listed on page 3 of St. Paul's Exhibit A (list of claimants) and that Michelle Spence, individually and as mother and next friend of Hailey Spence (#241) is listed on page 18 of St. Paul's Exhibit A. St. Paul further states that Rodney J. Gaumitz, individually and as father and next friend of Tyler Gaumitz and Collin Gaumitz (#114) was inadvertently omitted from page 8 of St. Paul's Exhibit A, and should be included as a claimant in this case.

6. St. Paul states that, in light of the duties it owes its insureds under the Policy, it is entitled to request, and has requested in prayer 4 of the Complaint-In-Interpleader, that the Court condition distribution of the Policy proceeds in connection with any settlement of claims on: (a) the full release and discharge of St. Paul's insureds from any further liability to the settling Claimants-in-Interpleader; and (b) the full release and discharge of said insureds from claims for contribution by other purported joint tortfeasors who have been sued by the settling Claimants-in-Interpleader. St. Paul further states that the Court is authorized to grant such relief to said insureds in connection with any distribution of the Policy proceeds to fund a settlement, as opposed to distribution of the Policy proceeds to satisfy all or part of a judgment against said insureds. St. Paul specifically reserves its right, in connection with any motion or other proceedings concerning the distribution of the Policy proceeds, to file a memorandum of law on the issues presented by the relief requested in the Complaint-In-Interpleader (Dkt. No. 1), in the Claimants' Answer and Counterclaim (Dkt. No. 8), and in this Answer to Counterclaim, as well as to those issues raised in Claimants' Memorandum in Response to St. Paul's Interpleader Complaint and in Support of Claimants' Counterclaim (Dkt. No. 9), which memorandum was not filed in connection with any pending motion, and therefore, to which no response is required.

WHEREFORE, St. Paul respectfully prays as follows:

(1) That the Complaint-in-Interpleader be amended to include Rodney J. Gaumitz, individually and as father and next friend of Tyler Gaumitz and Collin Gaumitz (#114), as a Claimant-in-Interpleader;

(2) That the Court declare that the most that St. Paul could ever owe for prejudgment

interest would be 12% interest on $1 million, running from the date of the Event (February 20, 2003) through the date of the filing of the Complaint-in-Interpleader (August 16, 2006); and

(3) That the Court declare that St. Paul is entitled to a release of its insureds by any and all Claimants-in-Interpleader who agree to accept in settlement any amount of the Policy proceeds, and to a release of said insureds from claims for contribution by other purported joint tortfeasors who have been sued by the settling Claimants-in-Interpleader.

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

By its attorneys,

/s/ Mark L. Smith
Mark L. Smith (R.I. #676)
Law Offices of Mark L. Smith
127 Dorrance Street
Providence, RI 02903
(401) 272-1432

/s/ Thomas F. Maffei
Thomas F. Maffei (Mass. BBO 313220)
(admitted *pro hac vice*)
Sara Jane Shanahan (Mass. BBO 567837)
(admitted *pro hac vice*)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02110
(617) 542-9900

November 28, 2006

CERTIFICATE OF SERVICE

I, Thomas F. Maffei, hereby certify that a true and correct copy of this document, filed through the ECF system, will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 28, 2006.

/s/ Thomas F. Maffei

Thomas F. Maffei